**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SUSAN SELTZER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.:  1:22-cv-00330 (JMC) |
| | * | |
| FINANCIAL INDUSTRY | * | Honorable Judge Jia M. Cobb |
| REGULATORY AUTHORITY | * | |
| | * | |
| Defendant. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendant Financial Industry Regulatory Authority, Inc. (hereinafter "FINRA"), by and through undersigned counsel, respectfully moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6).

Plaintiff's Complaint attempts to allege a claim for defamation against FINRA because FINRA, as an arbitration forum, made a 2018 Arbitration Award publicly available, which it was required to do under its Codes of Arbitration Procedure approved by the Securities and Exchange Commission ("SEC"). Plaintiff's claim fails for several independent reasons. First, Plaintiff's claim is barred by the doctrine of arbitral immunity because FINRA's only connection to this case is that FINRA provided the arbitration forum in which Plaintiff Seltzer pursued claims against a broker-dealer firm and several investment brokers and which published a copy of the resulting award. Second, Plaintiff fails to state a claim for relief because (a) she cannot establish all of the necessary elements to state a claim for defamation, (b) the Exchange Act nor any other statute provides for a private right of action for FINRA's alleged violations of its own rules, and (c) this action is an impermissible collateral attack on the underlying Arbitration Award. Third, Plaintiff's

claim is barred by the District of Columbia's one-year statute of limitations because the Complaint was filed more than three years after the Arbitration Award was first published. Fourth, Plaintiff's Complaint fails to allege sufficient facts to demonstrate diversity jurisdiction necessary to support this Court's subject-matter jurisdiction. Finally, Plaintiff's Complaint fails to satisfy the basic pleading requirements of the Federal Rules of Civil Procedure, which require a "short and plain statement" showing that Plaintiff is entitled to relief. As a result, Plaintiff's Complaint should be dismissed in its entirety, with prejudice. In further support thereof, FINRA refers this Court to the accompanying Memorandum of Points and Authorities, which is adopted and incorporated herein by reference.

Dated: March 9, 2022                    Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

*/s/ Ryan M. Duffy*
Kathleen H. Warin (#492519)
Ryan M. Duffy (#1013868)
1500 K Street, NW, Suite 330
Washington, DC 20005
Phone: 202-626-7660
Facsimile: 202-628-3606
Kathleen.Warin@wilsonelser.com
Ryan.Duffy@wilsonelser.com

**FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.**

*/s Angela Pegram Saffoe*
Angela Pegram Saffoe (#481802)
1735 K Street, N.W.
Washington, D.C.  20006
Telephone:  (202) 728-8334
Angela.Saffoe@finra.org

***Counsel for Defendant Financial Industry
Regulatory Authority, Inc.***

2

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March, 2022, Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss, the Memorandum of Points and Authorities thereto, and the proposed Order was filed and served via CM/ECF.


*/s/ Ryan M. Duffy*
Ryan M. Duffy, Esq.