# Exhibit 1
## Civil Action No.: 1:22-cv-00330

 FINRA RULES    > 12000. CODE OF ARBITRATION PROCEDURE FOR CUSTOMER DISPUTES    > PART IX FEES AND AWARDS

# 12904. Awards

**The Rule**    Notices

(a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

(c) The Director will serve the award on each party, or the representative of the party.

(d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

(e) The award shall contain the following:

(1) The names of the parties;

(2) The name of the parties' representatives, if any;

(3) An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;

(4) A summary of the issues, including the type(s) of any security or product, in controversy;

(5) The damages and other relief requested;

(6) The damages and other relief awarded;

(7) A statement of any other issues resolved;

(8) The allocation of forum fees and any other fees allocable by the panel;

(9) The names of the arbitrators;

(10) The dates the claim was filed and the award rendered;

(11) The number and dates of hearing sessions;

(12) The location of the hearings; and

(13) The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

(g) Explained Decisions

(1) This paragraph (g) applies only when all parties jointly request an explained decision.

(2) An explained decision is a fact-based award stating the general reason(s) for the arbitrators' decision. Inclusion of legal authorities and damage calculations is not required.

(3) Parties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 12514(d).

(4) The chairperson of the panel will be responsible for writing the explained decision.

(5) The chairperson will receive an additional honorarium of $400 for writing the explained decision, as required by this paragraph (g).

(6) This paragraph (g) will not apply to simplified cases decided without a hearing under Rule 12800 or to default cases conducted under Rule 12801.

(h) All awards shall be made publicly available.

(i) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties.

Payment of such fees shall not be deemed ratification of the award by the parties.

(j) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. Absent specification to the contrary in the award, when arbitrators order opposing parties to make payments to one another, the monetary awards shall offset, and the party assessed the larger amount shall pay the net difference. An award shall bear interest from the date of the award:

(1) If not paid within 30 days of receipt;

(2) If the award is the subject of a motion to vacate which is denied; or

(3) As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

---

Amended by SR-FINRA-2018-012 eff. Feb. 21, 2018.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2016-015 eff. Oct. 24, 2016.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16, 16-36, 17-03.

---

‹ 12903. PROCESS FEES PAID BY MEMBERS          UP          12905. SUBMISSIONS AFTER A CASE HAS CLOSED ›

## VERSIONS

Feb 21, 2018 onwards

©2022 FINRA. All Rights Reserved.

FINRA IS A REGISTERED TRADEMARK OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.