# Exhibit 2
**Civil Action No.: 1:22-cv-00330**

**Award**
**FINRA Office of Dispute Resolution**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| Claimants | Case Number: 17-01857 |

Claimants
IRA of Jonathan M. Seltzer
IRA of Susan O. Seltzer
Revocable Trust of Jonathan M. Seltzer
Revocable Trust of Susan O. Seltzer
Simplified Employee Pension IRA of Jonathan M. Seltzer

    vs.

Respondents                                                  Hearing Site: Denver, Colorado
U.S. Bancorp Investments, Inc.
Jeffrey Scott Brown
Kristi Vos Koshire
Gail Marie Van Horn

---

Nature of the Dispute: Customers vs. Member and Associated Persons

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

Claimants IRA of Jonathan M. Seltzer, IRA of Susan O. Seltzer, Revocable Trust of Jonathan M. Seltzer, Revocable Trust of Susan O. Seltzer and Simplified Employee Pension IRA of Jonathan M. Seltzer, collectively "Claimants": Jonathan M. and Susan O. Seltzer, Edwards, Colorado.

For Respondents U.S. Bancorp Investments, Inc. ("USBI"), Jeffrey Scott Brown ("Brown"), Kristi Vos Koshire ("Vos Koshire") and Gail Marie Van Horn ("Van Horn"), collectively "Respondents": Shawn Larsen-Bright, Esq., Dorsey & Whitney LLP, Seattle, Washington.

## CASE INFORMATION

Claimants' Filings
1. Statement of Claim filed on or about: July 13, 2017.
2. Amended and Additional Pleadings, Responses, Damage Calculation Clarification filed on or about: September 22, 2017.
3. Punitive Damage Summary filed on or about: October 2, 2017.
4. Amended Pleading filed on or about: October 6, 2017.
5. Response to New Pleading by Respondents dated October 12, 2017 filed by Claimants on or about: October 23, 2017.

6. Amended and Restated Pleadings filed on or about: November 14, 2017.
7. Comprehensive Consolidated Statement of all Prior Claims filed on or about: December 15, 2017.
8. Amended Comprehensive Consolidated Statement of all Prior Claims filed on or about: December 29, 2017.
9. Claimants signed the Submission Agreement: July 13, 2017.

Respondents' Filings
1. Statement of Answer filed by Respondents on or about: September 11, 2017.
2. Statement of Answer to Claimants' September 22, October 2, and October 6, 2017 Filings filed by Respondents on or about: October 12, 2017.
3. Statement of Answer to Claimants' "Amended Comprehensive Consolidated Statement of All Prior Claims" filed by Respondents on or about: January 12, 2018.
4. USBI signed the Submission Agreement: August 25, 2017.
5. Van Horn signed the Submission Agreement: August 31, 2017.
6. Vos Koshire signed the Submission Agreement: September 5, 2017.
7. Brown signed the Submission Agreement: September 11, 2017.

## CASE SUMMARY

Claimants' Filings
1. In the Statement of Claim, Claimants asserted the following causes of action: USBI breached securities laws designed to protect investors; negligence; breach of contract; breach of fiduciary duty; and elder financial abuse. The alleged USBI Breaches of SEC/FINRA Rule Violations Summary is as follows:
    I. SEC Rule 606 reports -- failure to provide SEC Rule 606 data upon customer request;
    II. FINRA Rule 5310– violation of best execution rules and breach of contract;
    III. SEC mandated disclosure of limit order display Rule 605 – allegedly repeated violations;
    IV. USBI violated SEC Rule 605 – failure to provide customer timely receipt of order flow – violating documentation for time of receipt of a limit order/original order and execution data;
    V. USBI Compliance failed to review limit order failures at Claimants' request, violating FINRA Rule 5310;
    VI. USBI violated FINRA Rule 2251 – Processing and Forwarding of Proxy and Other Issuer-Related Materials;
    VII. Failure to supervise and investigate customer complaints for violation of FINRA Rule 11870 Customer Account Transfer Contracts;
    VIII. Failure to supervise and have written procedures on Automated Customer Account Transfers that involve options, violating standards for ACAT time parameters to protect customer;
    IX. Violation of NYSE rules on acknowledgment of customer request for data/complaint and financial exploitation of seniors; and
    X. Violation of FINRA Rule 3310(e) AML rules, systems and procedures and failure to maintain proper records on proper customer new account data, causing harm and costs to customer.

FINRA Office of Dispute Resolution
Arbitration No. 17-01857
Award Page 3 of 19

The causes of action relate to Claimants' various option trades (including in Apple) and initiation and limit order changes. Claimants further alleged that there were unusually long delays in the execution of those option trades which prohibited them from conservative options trading strategies and caused excessive trading costs.

2. In the Amended and Additional Pleadings, Responses, Damage Calculation Clarification, Claimants asserted that USBI threatened Claimants with significant tax liability to avoid significant fines from regulators and mandatory damage payments to Claimants under the new Department of Labor ("DOL") Rule's Impartial Conduct Standards as well as the following additional and amended claims:

    XI. Violation of FINRA Rule 2360 – 16(B) diligence in options account approvals must be executed within 10 days and violation of 21(B);

    XII. Violation of FINRA Rule 2360 Options – (16) opening of accounts; violation of by-laws and rules of FINRA or the Options Clearing Corporation; violation of FINRA Rule 2010;

    XIII. Non-party US Bank ("non-party USB") and USBI breached SEC Securities Exchange Act of 1934 3(a);

    XIV. Violations of impartial standards conduct – DOL Rule; and

    XV. Breach of duty to customers on cross-selling USBI "advice" services.

3. In the Punitive Damage Summary, Claimants did not include any additional claims.

4. In the Amended Pleading, Claimants asserted the following additional claims: USBI breached state securities laws for breach of fiduciary duty; breach of federal securities best execution rules; breach of Minnesota and Colorado states' securities laws; breach of federal securities laws; and breach of the new DOL rule that imposes a fiduciary duty on financial institutions and a private right of action in an IRA.

5. In the Response to New Pleading by Respondents dated October 12, 2017, Claimants denied the allegations made in the filing and requested that the Panel honor their submissions of September and October 2017 Amended Pleadings in accordance with the FINRA Code of Arbitration Procedure ("Code") Rule 12309 Amended Pleadings. They further requested that the Panel prohibit Respondents from ongoing allegedly adverse inferences and false statements that force Claimants to correct the record, particularly when they do not cite the FINRA Code that substantiates such adverse inference.

6. In the Amended and Restated Pleadings, Claimants summarized their pleadings in seven categories of breach of FINRA and SEC rules:

    I. USBI breached FINRA Rule 2111 of fair dealing and multiple state "Bait and Switch" advertising laws;

    II. USBI had a duty to execute orders promptly, in accordance with equitable principles of trade, consistent with standards of their profession and SEC/FINRA rules on "prompt" order routing;

   III.  USBI breached FINRA best execution Rules 5310, in addition to routing order delays;

   IV.  False and misleading statements are prohibited by FINRA Rules 2210, 2212, 2216; false statements also breached the new DOL Rule Impartial Conduct Standards now in force;

   V.  USBI failed to promptly submit Claimants' ACAT transfer request in violation of FINRA Rule 11870;

   VI.  USBI continually breached its contract by blocking Claimants' orders and ability to trade and FINRA 3310(e) AML rules at account opening; and

   VII.  USBI breached failure to supervise and FINRA proxy Rule 2251.

7. In the Comprehensive Consolidated Statement of all Prior Claims, Claimants asserted the following five claims that allegedly caused monetary damage:

1. USBI failed to adhere to federal securities laws and FINRA rules on ACAT transfer causing Claimants losses;
2. USBI's flawed and deficient trading system, in breach of FINRA rules and state and federal securities laws; USBI's trading system violated FINRA rules and continually obscured the time of order receipt, which conceals the extent of the trading delays and possible to probable front running;
3. USBI/non-party USB pressured Claimants into using USBI or non-party USB "financial advisor" through blocking of trades; misleading advertising "bait and switch" tactics concerning "real time" prices and lower costs with ability to self-direct without an advisor, contributed to Claimants' losses;
4. Respondents responded to Claimants' complaints with allegedly false and misleading written statements to conceal their securities law breaches and deficient trading system and Claimants relied on such misleading statements that USBI's trading systems were not deficient; and
5. USBI Board Member threatened Claimants with a massive tax liability when Claimants appealed to non-party USB CEO for inaccurate and misleading statements by USBI/non-party USB Compliance Officers and request for assistance with USBI's deficient trading systems that breach FINRA/SEC rules.

Claimants also summarized their pleadings in seven categories of breach of FINRA and Federal and States rules and laws:

   I.  USBI breached FINRA Rule 2111 of fair dealing and Minnesota/Colorado states "Bait and Switch" advertising laws and FINRA/SEC rules that mandate full disclosure and ban exploitation of seniors;

   II.  USBI had a duty to execute orders promptly, time stamp order receipt, in accordance with equitable principles of trade, consistent with standards of their profession and SEC/FINRA rules on "Prompt" order routing FINRA Rule 7440(b);

   III.  USBI breached FINRA best execution Rule 5310, a breach of fiduciary duty, in addition to routing order delays and failed to provide SEC 606 data upon request;

   IV.  False and misleading statements are prohibited by FINRA Rules 2210, 2212, 2216 and SEC 10(b) 5 and new DOL Rule for IRAs;

   V.  USBI failed to promptly submit Claimants' ACAT transfer request in violation of FINRA Rule 11870 and violated FINRA Rule 2360;

    VI.  USBI continually breached brokerage contract by blocking Claimants' orders and ability to trade and breached FINRA 3310(e) AML Rules at account opening; and

   VII.  USBI breached failure to supervise, failed to respond to a customer complaint in accordance with FINRA Member Rules and violated FINRA proxy Rule 2251.

8. In the Amended Comprehensive Consolidated Statement of all Prior Claims, Claimants asserted the following claims:

1. USBI failed to deliver Claimants' assets in accordance with FINRA Rules;

2. Respondents failed to approve options agreement for the Simplified Employee Pension IRA of Jonathan M. Seltzer, IRA of Jonathan M. Seltzer and IRA of Susan O. Seltzer within mandated time frames;

3. USBI intentionally harmed Claimants by refusing to provide the status of their asset transfer to push Mr. Seltzer into hiring a USBI "Advisor" and FINRA registered representative threw out trading authorization forms and options forms delivered by Mr. Seltzer to a FINRA registered representative at USB offices, an employee of non-party USB and USBI;

4. USBI's misleading advertising "bait and switch" tactics concerning "real time" prices and lower costs with ability to self-direct without an advisor, contributed to Claimants' losses; Breach of Brokerage Agreement; breach of the principles of "fair trade";

5. Koshire and Van Horn misrepresented to Claimants that there were not any delays in the transfer of their assets, in an allegedly blatant attempt to cover them up, causing further losses to Claimants and to conceal breaches of securities laws;

6. USBI breached rules that prohibit blocking access to clients' assets which caused Claimants' losses and intentional infliction of emotional distress; USBI and non-party USB FINRA representative/in-house counsel pressured Mr. Seltzer into hiring an advisor by blocking access to his accounts with threats that he violated the Patriot Act, which occurred five months after the account had been approved, and violates USBI/non-party USB's failure to supervise and review accounts for Patriot Act;

7. Koshire and Van Horn refused to investigate Claimants' concerns about blocked trading and placed their firm's interests over Claimants' rights to a proper investigation through misrepresentations, concealment and failure to supervise and caused Claimants emotional duress; Koshire and Van Horn misrepresented why Claimants' trades were blocked, failed to supervise and correct trading rule violations;

8. USBI's trading system failed to route orders promptly and did not provide real time prices which SEC and FINRA rules intended to provide retail investors a fair and just access to such markets; Claimants relied on USBI's misleading facts and improper disclosures;

9. Koshire and Van Horn misrepresented to Claimants that there were no trading delays and Claimants relied on those misrepresentations causing them losses; Koshire and Van Horn breached their duty to a proper investigation of USBI's failed trading system, violating Exchange Act rules and permitted ongoing probable front running;

FINRA Office of Dispute Resolution
Arbitration No. 17-01857
Award Page 6 of 19

10. Respondents failed to deliver Claimants' proxy materials on a large block of stock, so Claimants could vote their shares on a timely basis; Brown refused to investigate Claimants' concerns that USBI was taking funding from Apple (over 8000 shares) and saving revenues by not delivering Claimants' proxy materials so Claimants could vote their shares as represented to Claimants by USBI's FINRA representative; Brown failed to investigate, provide materials, and failed to supervise the FINRA representative that refused to instruct Claimants how they could access the proxy voting materials; and

11. Brown and Van Horn threatened Claimants with a massive tax liability based on a false statement to force them to remove their assets; Van Horn intentionally threatened Claimants with a massive tax liability so she, as USBI Board Director, would not have to respond to trading system violations; Van Horn was aware that she and Koshire made multiple written material misstatements and placed the firm's interests above Claimants' interests.

Claimants also described the relevance of each identified Rule, code, and Statute of Law for each claim:

I. USBI breached FINRA Rule 2111 of fair dealing and Minnesota/Colorado states "Bait and Switch" advertising laws and FINRA/SEC rules that mandate full disclosure and ban exploitation of seniors;

II. USBI had a duty to execute orders promptly, time stamp order receipt, in accordance with equitable principles of trade, consistent with standards of their profession and SEC/FINRA rules on "Prompt" order routing FINRA Rule 7440 (b);

III. USBI breached FINRA best execution Rule 5310, a breach of fiduciary duty, in addition to routing order delays and failed to Provide SEC 606 data upon request;

IV. False and misleading statements are prohibited by FINRA Rules 2210, 2212, 2216 and SEC 10(b) 5 and new DOL rule for IRAs;

V. USBI failed to promptly submit Claimants' ACAT transfer request in violation of FINRA Rule 11870 and violated FINRA Rule 2360;

VI. USBI continually breached the brokerage contract by blocking Claimants' orders and ability to trade and breached FINRA Rule 3310(e) AML Rules at account opening; and

VII. USBI breached failure to supervise, failed to respond to a customer complaint in accordance with FINRA member rules and violated FINRA proxy Rule 2251.

Respondents' Filings

1. Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted various defenses and affirmative defenses.

2. Unless specifically admitted in the Statement of Answer to Claimants' September 22, October 2, and October 6, 2017 Filings, Respondents denied the allegations made in those filings.

3.  Unless specifically admitted in the Statement of Answer to Claimants' Amended
    Comprehensive Consolidated Statement of All Prior Claims, Respondents denied
    the allegations made in the Amended Comprehensive Consolidated Statement of
    all Prior Claims and asserted various defenses and affirmative defenses.

## RELIEF REQUESTED

Claimants' Filings
1.  In the Statement of Claim, Claimants requested:
    a.  Compensatory damages for:
        i.   The ACAT loss in the amount of $102,404.00;
        ii.  Best execution option trade loss of approximately $15,000.00;
        iii. Pay-off of US Bank first mortgage in the amount of $780,000.00;
             and
    b.  Punitive damages.

2.  In the Amended and Additional Pleadings, Responses, Damage Calculation
    Clarification, Claimants requested: unspecified amounts of damages under their
    private right of action for breach of the DOL Impartial Conduct Standards, breach
    of the duty of care and under agency law and the Securities Exchange Act of
    1934, and for breach of contract for a home equity line; and punitive damages.

3.  In the Punitive Damage Summary, Claimants requested punitive damages in a
    ratio in line with the punitive damages award in the case of In Re: Estate of Max
    D. Hopper, Deceased, Jo N. Hopper v. JP Morgan Chase Bank, N.A., et al, in the
    Probate Court of Dallas County, Texas ("Hopper Case").

4.  In the Amended Pleading, Claimants did not include any relief requests.

5.  In the Response to New Pleading by Respondents dated October 12, 2017,
    Claimants requested to be made whole and punitive damages in accordance with
    the Hopper Case.

6.  In the Amended and Restated Pleadings, Claimants requested:
    1.  Compensatory damages for:
        a.  ACAT loss in the amount of $102,404.00;
        b.  Perpetual order routing delays causing trading losses in the amount of
            $15,000.00 ($90,000.00) [Claimants advised order routing delay losses
            are closer to a minimum of $90,000.00 since limit orders for equities (in
            addition to option trades) also experienced trading delays];
        c.  Breach of contract – blocking trades in the amount of $150,000.00
            [Claimants request the Panel use the mortgage pay-off amount as the
            compensatory damages for trading delays]; and
        d.  Pay-off of the non-party US Bank mortgage in the amount of $780,000.00.

    2.  Claimants requested total damages in the amount of $897,404.00; punitive
        damages; and Respondents be charged for all FINRA fees and hearing costs.

FINRA Office of Dispute Resolution
Arbitration No. 17-01857
<u>Award Page 8 of 19</u>

7.  In the Comprehensive Consolidated Statement of all Prior Claims, Claimants requested the same relief as in the Amended and Restated Pleadings and advised that regarding the Perpetual order routing delays, there were paper losses of $15,000.00, but the failure to route trades and probable front running expanded losses to $90,000.00 as, they allege, historical trade data demonstrates.

8.  In the Amended Comprehensive Consolidated Statement of all Prior Claims, Claimants requested the same relief as in the Comprehensive Consolidated Statement of all Prior Claims.

<u>Respondents' Filings</u>

1.  In the Statement of Answer, Respondents requested:
    a.  Dismissal of Claimants' Statement of Claim and denial of all claims with prejudice;
    b.  All costs charged to Claimants; and
    c.  Expungement of this proceeding from Van Horn, Vos Koshire and Brown's Central Registration Depository ("CRD") records.

2.  In the Statement of Answer to Claimants' September 22, October 2, and October 6, 2017 Filings, Respondents requested the same relief as in the Statement of Answer and added dismissal of any and all amendments (including without limitation the September 22, October 2, and October 6 Filings).

3.  In the Statement of Answer to the Amended Comprehensive Consolidated Statement of all Prior Claims, Respondents requested the same relief as in the Statement of Answer and added dismissal of Claimants' Amended Comprehensive Consolidated Statement of All Prior Claims (and all iterations).

## <u>OTHER ISSUES CONSIDERED AND DECIDED</u>

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On September 22, 2017, October 2 and 6, Claimants filed, respectively, an Amended and Additional Pleadings, Responses, Damage Calculation Clarification; a Punitive Damage Summary; and an Amended Pleading before the Panel's appointment to the case. In accordance with the Code Rule 12309(a), these additional submissions became part of the case record.

On October 25, 2017, Respondents filed an objection to Claimants' Response to New Pleading by Respondents dated October 12, 2017. On October 27, Claimants filed a response opposing Respondents' objection. On November 1, Respondents submitted a reply in further support of their objection.

On November 3, 2017, the Panel and parties held the Initial Pre-Hearing Conference ("IPHC"). By IPHC Order dated that same day, the Panel ruled, in pertinent part, the following:

FINRA Office of Dispute Resolution
Arbitration No.  17-01857
<u>Award Page 9 of 19</u>

1) It is ordered that Respondents' Objection to Claimant's [sic] 10/23/2017 filing dated 10/25/2017 is sustained. Respondents' Motion to Strike Claimants' Response to Respondents' Answer is granted. Claimants' Response is stricken.

2) It is further ordered that Claimants file an Amended and Restated Statement of Claim by November 14, 2017. The purpose of this pleading is to allow Claimants an opportunity to comply with FINRA Rules, consolidate into a single document all of the previously filed claims and pleadings (Statement of Claim, Amended and Additional Pleadings, Responses, Damage calculations and clarifications, Amended Claim, Punitive Damage Summary and Amended Pleading) submitted after this panel was appointed, and clearly and concisely summarize its case. Claimants may choose to include sections on: jurisdiction, identification of the parties, differentiation of the individual claims supported with factual allegations, identification of the particular violations (rule, code, or statute), or laws violated, as well as any requests for damages, fees, interests, costs, etc. Claimants are encouraged to eliminate duplicative, repetitive and redundant statements and arguments. Where claims are supported by documents (i.e. screen shots, account statements, correspondence, sworn statements, reports, articles, rules, etc.), these documents may be included in a separate Exhibit Section following the claim. It would be helpful for the Exhibit section to include an index with page numbers directly corresponding to the attachments. Claimants are also encouraged to choose a uniform font size for the pleading and remain consistent in this size throughout the Statement of Claim, Capitalization, bold, and italics should be used sparingly and for particular emphasis or purpose only.

3) It is ordered Respondents file an answer to this Amended and Restated Statement of Claim by December 4, 2017.

On November 30, 2017, the Panel and parties held a pre-hearing conference to discuss, in addition to another item, Respondents' Oral Motion to Strike Claimants' Amended and Restated Claim for Failure to Comply with the IPHC Order.  After hearing oral argument from the parties, by Order dated November 30, 2017, the Panel ruled, in pertinent part, the following:

3) Respondents' Oral Motion to Strike Claimants' Amended and Restated Statement of Claim is GRANTED for Claimants' Failure to Comply with the Panel's Initial Pretrial Hearing Conference Order of consolidating prior claims into a SINGLE SUPERCEDING DOCUMENT. Respondents' [*sic*] are not required to answer document entitled Claimants' Amended and Restated Statement of Claim.

4) Claimants are ordered to prepare a "Comprehensive Consolidated Statement of All Prior Claims" to SUPERCEDE all prior filed documents.  The sufficiency of the Pleading will be subject to Approval by the Full Arbitration Panel before Respondents are required to Answer or otherwise plead.

As directed previously, the purpose of this "Comprehensive Consolidated Statement of All Prior Claims" is to clearly, simply and concisely consolidate the previous filed documents (Statement of Claim, Amended and Additional Pleadings, Responses, Damage calculations and clarifications, Amended Claim, Punitive Damage Summary and Amended Pleading) into a single pleading. This New document may include the following sections: Jurisdiction, Identification of the Parties, Differentiation of all Individual Claims supported by specific factual allegations, Identification of all alleged violations (Rule, Code, Statute, or laws), as well as the request for damages, fees, interests, costs, etc.

In instances where the factual allegations supporting these claims are supported by documents (i.e. screen shots, account statements, correspondence, sworn statements, reports, articles, rules, etc.), the documents maybe attached in an Exhibit Section following the claim. For readability purposes, the Exhibit Section may include an index with page numbers directly corresponding to the attachments referenced in the Claim.

Claimants are reminded to eliminate duplicative, repetitive and redundant statements. Claimants are encouraged to choose a uniform font size for the pleading and remain consistent in this size throughout the Statement of Claim, Capitalization, bold, and italics should be used sparingly and for particular emphasis or purpose only.

5) Claimants are encouraged to send a Draft of the proposed pleading to Respondents before filing it with FINRA, for feedback so the parties can confer and attempt to cure any deficiencies before presentation to the Panel.

6) Respondents are not required to Answer or Otherwise Plead until 20 days after the Panel has accepted the new pleading to be in conformance with FINRA Rules and the orders in this case.

7) If Claimants seek to file New Claims, not originally set forth in the Statement of Claim filed July 21, 2017, they are directed to file a Motion and follow FINRA Rules.

8) All parties are to comply with this order. Claimants should file the "Comprehensive Consolidated Statement of all Prior Claims" by December 15, 2017.

On December 15, 2017, Claimants filed their Comprehensive Consolidated Statement of all Prior Claims and all attachments. By Order dated December 21, 2017, the Panel ruled:

The Claimants are to review the FINRA Code of Arbitration Procedure for Customer Disputes, FINRA Rules and all prior orders in this case before making the following modifications in a new document entitled, "Amended Comprehensive Consolidated Statement of all Prior Claims":

1) The Jurisdictional Statement should set forth how FINRA has jurisdiction to hear this dispute. Claimants should set forth applicable Rules, Statutes, Cases and brief relevant facts.

2) Identify each named Party (Claimants and Respondents) by describing who they (or it) are, how parties met, and how they (or it) are liable or involved in this claim.

3) Include a clear and concise statement of the factual allegations giving rise to each violation of a Rule, Code, Statute or Law in each Claim. These allegations are not to be included in the Exhibit Section. To avoid repetition, there may be a preliminary section entitled, "Facts Common to All Claims." Then, for each Claim, it may be described chronologically or in whatever other order Claimants chose. These simple allegations should describe who, what, when, where, and what acts and/or omissions occurred. Each Claim should identify the specific Claimant(s) and Respondent(s) particularly involved, describe what Respondent(s) did or failed to do, and the proximate cause which led to the violation which resulted in harm, damages, and losses.

4) The Relief sought should specify only the amount of all damages, additional relief, fees and costs. Specific allegations of "Egregious actions of Respondents" should be identified only in the Statement of Claim section.

5) Claimants are to remove legal argument from the Claim.

6) Claimants are to limit quotations to only named parties in this case.

7) Claimants are to remove Rhetorical Questions and Answers.

8) Claimants are to remove Outside Blogs, Secondary Sources, and references to outside examples in the Amended Claim, reserving this material for legal briefs and/or presentation during the arbitration hearing.

9) Claimants should eliminate references to Respondents' previously submitted Answers.

10) Claimants may describe the relevance of each identified Rule, Code, Statute or Law to each claim.

11) Claimants are ordered to file an Amended Comprehensive Consolidated Statement of All Prior Claims by December 29, 2017.

12) At which point, the Full Panel will convene and determine whether the Amended Claim is in conformity with FINRA Rules and prior orders, and whether oral argument by the parties is necessary before directing the Respondents to file their Answer.

On December 29, 2017, Claimants filed their Amended Comprehensive Consolidated Statement of all Prior Claims and all attachments.  By Order dated January 2, 2018, the Panel ruled, in pertinent part, the following:

> The entire Panel reviewed, discussed and evaluated the sufficiency of the Amended Comprehensive Consolidated Statement of All Prior Claims and Claimants Exhibits A – S, filed December 29, 2017. In issuing this order, we note this case is EXPEDITED, Claimants are proceeding PRO SE, and Claimants have made many efforts and amendments to the original STATEMENT OF CLAIM. For the sake of efficiency, and to be sensitive to the needs of the Senior and/or Seriously Ill Parties, the Panel has determined to move forward in order to have adequate time to resolve future pre-trial discovery issues and motions

before arbitration hearing.
This Arbitration Panel Orders as follows:

1) The Amended Comprehensive Consolidated Statement of All Prior Claims
   is NOT in conformity with FINRA Rules and the prior orders of this panel;
   however, to avoid further delay, the Panel will allow the Amended
   Comprehensive Consolidated Statement of All Prior Claims to serve as
   Claimant's [sic] Statement of Claim, subject to the orders below.
2) Oral argument with parties on the sufficiency of this pleading is not
   necessary.
3) Prior to full empanelment of these arbitrators, Claimants filed several
   Statements of Claim and Respondents answered them.
4) The Panel has provided Claimants two opportunities to consolidate
   previously filed documents into a single, clear and concise pleading. The
   Panel cannot present a party's case and cannot provide legal advice;
   however, it may provide guidance to a pro se litigant during the litigation
   and arbitration process. Claimants are reminded they have the right to be
   represented by a lawyer at any time in the proceeding.
5) Respondents are directed to Answer or Otherwise Plead to the last claim
   submitted by Claimants by Friday, January 12, 2018; however, the Panel
   will entertain a motion for an extension of time to answer, if requested.
6) In formulating an Answer, Respondents may ignore references to items
   previously ordered to be removed, edited or modified. This specifically
   includes references to secondary authorities, articles, outside blogs,
   outside examples not involving these claimants or this claim, unattributed
   quotations or narratives, rhetorical questions, legal articles and material
   constituting legal arguments.
7) The following inappropriate references to the Matters in the Statement of
   Claim and accompanying footnotes are stricken: 4, 5, 6, 15, 16, 17, 19,
   20, 22, 29, 30, 34, 35, 43, 45, 46.
8) The following inappropriate Exhibits are stricken: D, E, H, I, L, M, P, Q, R,
   S.
9) References to prior pleadings not consolidated to concise, factual
   allegations which were included in both the Claim and Exhibits are
   stricken (i.e. "first amended Pleading, September 22, 2017," and
   "Respondents' September 11, 2017, response to Claimants SOC").
10) Respondents are asked to attempt to respond to purported violations of
    Rules, Statutes, Codes or laws with specific factual allegations, whether
    they are in Claim or Exhibit Sections, acknowledging that factual allegations
    normally should appear in the body of the Statement of Claim.

On January 18, 2018, Claimants filed a Motion to Add an Additional Pleading in
accordance with Code Rule 12503 and 12309(b), a Motion under Code Rule 12308(b)
"Loss of Defenses due to Incomplete Answer" and a Request to Increase Claim Amount
by $1,000,000.00. On January 29, Respondents filed an opposition to Claimant's
motions and request. On January 31, Claimants filed a reply in support of their motions
and request. By Order dated February 12, 2018, the Panel denied Claimants' motions.

On February 16, 2018, Brown, Vos Koshire and Van Horn filed a Motion to Dismiss pursuant to Code Rule 12504(a)(6)(B) ("Motion to Dismiss"). On March 30, Claimants filed an opposition to the motion. On April 4, Brown, Vos Koshire and Van Horn filed a reply in further support of their motion. After due deliberation by the Panel, by Order dated April 9, 2018, the Panel denied Brown, Vos Koshire and Van Horn's Motion to Dismiss.

On June 6, 2018, Claimants filed a Motion for Sanctions for Adverse Inferences and False Statements that Breach Ethical Code of Conduct in Arbitration and FINRA Rule 2010 with Sanctions for Adverse Inferences ("Motion for Sanctions"). On June 12, Respondents filed an opposition to Claimants' motion. On June 28, Claimants filed a reply in further support of their motion. On June 7, the Panel held a pre-hearing conference so the parties could discuss Claimants' Motion for Sanctions, among other matters. By Order dated that same day, the Panel ruled that at the start of the evidentiary hearing, Claimants would present their Motion for Sanctions and Respondents would present their response.

On June 8, 2018, Claimants withdrew their claims against Brown, Vos Koshire and Van Horn and filed a Motion for Panel Approval of one Expert Witness due to Recent "Developments" ("Motion for Expert Witness").  By Order dated June 11, 2018, the Panel ruled, in pertinent part, the following:

1. Please ask the Claimants to state in writing whether they are dismissing the individual respondents with or without prejudice

2. Please ask Respondents whether they will respond to Claimants' request to introduce an expert witness at the hearing beginning June 25.

On June 11, 2018, Claimants filed a response to the Panel's June 11, 2018 Order confirming that Claimants withdrew Brown, Vos Koshire and Van Horn as witnesses, and that they would hold off consideration of removal of the three individual respondents.

On June 12, 2018, Respondents filed an opposition to Claimants' withdrawal of claims against Brown, Vos Koshire and Van Horn since Claimants did not withdraw their claims with prejudice. In the June 12 filing, Respondents also opposed the Motion for Expert Witness as it was untimely and contrary to FINRA rules, and would be unduly prejudicial to Respondents.

By order dated June 12, 2018, the Panel ruled, in pertinent part, the following:

> In reviewing submissions by Claimants in the above case, I note that in a Motion dated 6/8/18 Claimants stated that they were withdrawing claims against the three individual respondents ("Claimants are forced to withdraw claims against Ms. Van Horn, Ms. Koshire, and Mr. Brown"). They have subsequently stated that they did not ask to withdraw the claims against the individuals. In their letter dated June 11 they stated that they ..."were forced to withdraw three individuals as witnesses". I refer them back to their own Motion of June 8.

Two of the panelists will meet on Thursday June 14 and rule on the June 8 Motion as written. (The third panelist is currently out of the country and unavailable by telephone or email). If Claimants wish to withdraw the Motion they should do so immediately. If they wish to file a new Motion they must allow Respondents time to respond.

In regard to the appearance of an expert witness, Claimants still have not provided any information about the identity, qualifications, and the proposed testimony of any expert, which makes it impossible to consider that witness.

On June 12, 2018, Claimants submitted a reply in further support of their Motion for Expert Witness in which they withdrew Brown, Vos Koshire and Van Horn "with prejudice from this FINRA arbitration." On June 13, Claimants filed a submission responding to the Panel's June 12, 2018 Order which requested information about Claimants' expert witness. On June 14, USBI submitted a request to the Panel asking if it should submit a response to Claimants' June 13 submission since the Panel had previously ordered that no additional motion practice would occur before the hearing; however, because it opposes Claimants' request, USBI wanted guidance from the Panel. By Orders dated June 14, 2018, the Panel advised, among other things, that it was not necessary for USBI to respond to the recent letter from Claimants regarding the June 13 Order, and that the Panel will not entertain any additional filings.

On June 25, 2018, prior to the start of the evidentiary hearing, the Panel advised the parties that oral argument on Claimants' Motion for Sanctions would be heard at the conclusion of the evidentiary hearing, instead of at the beginning of the hearing.

The evidentiary hearing was held from June 25 – 28, 2018.

The Panel noted that Claimants, during the evidentiary hearing, did not attempt to introduce either an expert witness or evidence from an expert witness.

During the evidentiary hearing, after Claimants presented their case-in-chief, USBI orally moved to dismiss the case. Also during the evidentiary hearing, USBI orally moved to strike the testimony of Susan O. Seltzer. Claimants opposed the motions. After due deliberation, the Panel determined to suspend the motion to dismiss and the motion to strike the testimony of Susan O. Seltzer due to dismissal of the claim on other grounds.

During the evidentiary hearing, the Panel found:
- The behavior of Co-Claimant Susan Seltzer to be disruptive.
- Mrs. Seltzer was ordered several times not to yell and to stop throwing things but she did not comply and was ultimately instructed to leave the hearing and not return (with the evidentiary hearing being adjourned shortly thereafter).
- Despite repeated orders not to do so, she interfered with the testimony of Jonathan Seltzer several times. In her own testimony under cross examination, she failed to comply several times with the Chair's orders and USBI's requests that she answer questions asked and refrain from commentary or responding to questions that were not posed.

FINRA Office of Dispute Resolution
Arbitration No.  17-01857
<u>Award Page 15 of 19</u>

- On more than one occasion Mrs. Seltzer accused USBI's counsel of lying and intimidation. The Panel found these accusations to be incorrect. She also accused the Panel and USBI's counsel of endangering Mr. Seltzer's health and possibly causing a heart attack. Mrs. Seltzer started screaming at the Chairperson when she tried to give her a warning regarding behavior on the record.

Additionally, the Panel found that:
- Throughout the proceeding, Claimants abused the arbitration process by making unsubstantiated allegations and ad hominem attacks against the Panel, Respondents, and Respondents' counsel whenever they were unhappy about a ruling or the content of a pleading, and engaging in inappropriate behavior at the hearing.
- The viciousness of these attacks caused the former Panel Chair to resign.
- This Panel continued to serve in order to assure that Claimants had the opportunity to present their case at the hearing, as scheduled, notwithstanding persistent false accusations, which themselves are libelous.
- During the evidentiary hearing, Mrs. Seltzer was observed throwing papers and a pen, which she denied in spite of the seven witnesses who were present, and continued to vindictively shout at and interrupt USBI's counsel to the point where he was unable to conduct any cross examination of Claimants or to present his own evidence.
- Due to Mrs. Seltzer's behavior, she was asked to leave the room under the supervision of security and the hearing was subsequently adjourned.

On July 2, 2018, the Panel issued the following Order:

1. Cliam [*sic*] filed by IRA of Jonathan M. Seltzer et al against USBI is dismissed in its entirety with prejudice. Details will be in Award document. Motion for FINRA forum costs filed (orally) by Claimants is denied. Motion for FINRA forum costs for hearing June 25-28 filed (orally) by Respondent is granted. Other Motions seeking costs contained in Respondent's Answer dated January 12, 2018 will be decided by the panel after clarification (see #2 below) if clarification indicates that additional costs are sought.

2. Respondent is requested to clarify its request for costs in its Answer to Claimants' Amended Consolidated Statement of All Prior Claims dated January 12, 2018 (the "Answer") Section VI Prayer for Relief. If Respondent is seeking attorney fees, please submit legal authority. If Respondent seeks any FINRA fees in addition to those in #1 above, please clarify that request. Respondent is requested to clarify the request for expungement contained in its Answer Section VI Prayer for Relief: which individuals seek expungement, the prongs of Rule 2080 under which expungement is sought, and reasons why expungement is justified.

3. Respondent's motions for expungement and costs will be considered after clarification on both issues is received from Respondent and responded to by Claimants (if they choose to respond). No other motions will be considered.

Respondents [sic] shall comply with this Order by July 13, 2018. Claimants shall respond by July 16, 2018.

On July 2, 2018, the Panel also issued the following order:

I note that there has been an additional filing submitted in this case. In accordance with the Order issued today by me as Chair on behalf of the panel, no additional motions or filings will be considered in this case other than those requested in the Order. That includes any filings made before my Order that were not addressed in the Order and any subsequent motions or filings.

On July 9, 2018, USBI filed a response to the Panel's July 2, 2018 Order confirming that it is not seeking any further relief from the Panel. USBI also requested that the Panel enter a final Award consistent with the July 2, 2018 Order.

Between July 9, 2018 and August 27, 2018, multiple submissions were filed by Claimants; however, they were not considered by the Panel pursuant to the July 2, 2018 Order.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are dismissed with prejudice pursuant to FINRA Code Rule 12212(c).

2. Claimants' Motion for Sanctions is denied.

3. UBSI did not seek expungement for Brown, Vos Koshire or Van Horn. Therefore, the Panel did not make any determination with respect to their requests for expungement.

4. Any and all claims for relief not specifically addressed herein, including Claimants' request for punitive damages, are denied.

5. The Panel has provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

      Initial Claim Filing Fee                                     =$ 1,725.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, USBI is assessed the following:

      Member Surcharge                       =$ 2,475.00
      Member Process Fee                   =$ 5,075.00

**Discovery-Related Motion Fee**
Fees apply for each decision rendered on a discovery-related motion.
Two (2) decisions on discovery-related motions on the papers
with three (3) arbitrators @ $600.00 /decision            =$ 1,200.00

Claimants submitted one discovery-related motion on the papers.
Respondents submitted one discovery-related motion on the papers.

___

Total Discovery-Related Motion Fees                =$ 1,200.00

1. The Panel has assessed $600.00 of the discovery-related motion fees jointly and severally to Claimants.
2. The Panel has assessed $600.00 of the discovery-related motion fees jointly and severally to Respondents.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) pre-hearing sessions with a single arbitrator @ $450.00/session   =$   900.00
Pre-hearing conferences:  November 30, 2017       1 session
                           May 24, 2018          1 session

Two (2) pre-hearing sessions with the Panel @ $1,300.00/session       =$ 2,600.00
Pre-hearing conferences:  November 3, 2017        1 session
                           June 7, 2018           1 session

Eight (8) hearing sessions @ $1,300.00/session                   =$10,400.00
Hearing Dates:           June 25, 2018          2 sessions
                      June 26, 2018          2 sessions
                      June 27, 2018          2 sessions
                      June 28, 2018          2 sessions

___

Total Hearing Session Fees                             =$13,900.00

FINRA Office of Dispute Resolution
Arbitration No.  17-01857
<u>Award Page 18 of 19</u>

1. The Panel has assessed $12,150.00 of the hearing session fees jointly and severally to Claimants.
2. The Panel has assessed $1,100.00 of the hearing session fees jointly and severally to Respondents.
3. The Panel has assessed $650.00 of the hearing session fees to USBI.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

FINRA Office of Dispute Resolution
Arbitration No. 17-01857
Award Page 19 of 19

## ARBITRATION PANEL

| | | |
|---|---|---|
| Ilene T. Gormly | - | Public Arbitrator, Presiding Chairperson |
| Tina Alison Davis | - | Public Arbitrator |
| Rick Gale Doty | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____        August 31, 2018
Ilene T. Gormly                                Signature Date
Public Arbitrator, Presiding Chairperson


_____        _____
Tina Alison Davis                              Signature Date
Public Arbitrator


_____        _____
Rick Gale Doty                                 Signature Date
Public Arbitrator


___September 5, 2018_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No.  17-01857
Award Page 19 of 19

## ARBITRATION PANEL

| | | |
|---|---|---|
| Ilene T. Gormly | - | Public Arbitrator, Presiding Chairperson |
| Tina Alison Davis | - | Public Arbitrator |
| Rick Gale Doty | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures


_____           _____
Ilene T. Gormly                                                          Signature Date
Public Arbitrator, Presiding Chairperson

*Tina A. Davis*                                                                       8-31-18
_____           _____
Tina Alison Davis                                                         Signature Date
Public Arbitrator



_____           _____
Rick Gale Doty                                                            Signature Date
Public Arbitrator




____September 5, 2018_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 17-01857
Award Page 19 of 19

## ARBITRATION PANEL

| | | |
|---|---|---|
| Ilene T. Gormly | - | Public Arbitrator, Presiding Chairperson |
| Tina Alison Davis | - | Public Arbitrator |
| Rick Gale Doty | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____          _____
Ilene T. Gormly                                                        Signature Date
Public Arbitrator, Presiding Chairperson


_____          _____
Tina Alison Davis                                                   Signature Date
Public Arbitrator

                                                                          9-4-2018
_____          _____
Rick Gale Doty                                                      Signature Date
Public Arbitrator


_____September 5, 2018_____
Date of Service (For FINRA Office of Dispute Resolution office use only)