UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN SELTZER, <br><br> Plaintiff, <br><br> v. <br><br> FINANCIAL INDUSTRY REGULATORY AUTHORITY, <br><br> Defendant. | Civil Action No. 1:22-cv-00330 (JMC) |

## MEMORANDUM OPINION

Plaintiff Susan Seltzer participated in an arbitration proceeding before the Financial Industry Regulatory Authority (FINRA).[1] The arbitration concluded with a written award that was published online. Seltzer alleges that the award defamed her by incorrectly describing her actions in the arbitration proceeding. She also contends that FINRA took actions to "tag" the award to her name in a Google search. Seeking to recover for the harms she allegedly suffered from the publication of those statements, Seltzer sued FINRA.

FINRA has moved to dismiss Seltzer's Complaint. The Court agrees with FINRA that there are many issues with Seltzer's suit, but the Court grants FINRA's Motion on the grounds most obvious to the Court: First, she filed her Complaint too late, after the statute of limitations expired for her claim. And second, even if her claim was timely, FINRA is entitled to arbitral immunity.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

The Court also denies Seltzer's various motions to amend her Complaint (ECF 19, 20, 29) because the proposed amendments do not cure the deficiencies of her suit or otherwise state viable claims. This case is closed.

## I. BACKGROUND

The Court can make out the following from Seltzer's allegations. The events giving rise to this case involve an arbitration Seltzer initiated in FINRA's arbitration forum in 2017. *See* ECF 1 ¶¶ 14, 55. The arbitration panel issued a written award dismissing Seltzer's claim. *See generally* ECF 11-4.[2] The award included some descriptions of the arbitration proceedings and characterized Seltzer as acting "vicious[ly]" and making "ad hominem attacks" against other parties, among other things. ECF 1 ¶¶ 18–19, 26. Seltzer acknowledges that FINRA's Codes of Arbitration Procedure requires that it make all arbitration awards publicly available. *Id.* ¶ 64. Accordingly, FINRA posted the arbitration award online. *See, e.g.*, *id.* ¶ 13. Although Seltzer's Complaint does not provide the date upon which FINRA first posted the award, Seltzer knew about the statements as early as November 6, 2018, because that is the date her Complaint alleges that she contacted FINRA to request that it "remove FINRA initiated defamation." *Id.* ¶ 15.

Seltzer also alleges that on July 13, 2020, FINRA began "publish[ing] the false and defamatory award tagged to [her] name in a Google Search." *Id.* ¶ 36. Seltzer does not clearly explain how she claims FINRA did this, but she seems to allege that FINRA was responsible for the award appearing in Google searches of her name. *Id.* ¶¶ 36–41. She alleges that in 2022, FINRA created "knowledge graphs" that also linked the "defamatory award" to her. *See, e.g.*, *id.* ¶¶ 41–

---

[2] Although Seltzer did not include the arbitration award as an attachment to her Complaint, the Court can consider it without converting Defendant's motion to one for summary judgment because the arbitration award is referenced extensively in Seltzer's Complaint and is the subject of this defamation suit. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

42. Her Complaint includes allegations that FINRA altered the complaint that she filed in the arbitration by removing the names of certain individuals, *id.* ¶ 37, but she does not allege that FINRA altered any allegedly defamatory statements in the award.

On February 20, 2022, Seltzer filed this lawsuit alleging that FINRA defamed her by publishing the arbitration award that she believes incorrectly describes her actions in the arbitration proceeding. She seeks damages and injunctive relief ordering FINRA to remove the allegedly defamatory statements.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all of the elements of the claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Also, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679. A court may dismiss a case on statute of limitations grounds only if it is clear from the face of the complaint that the action is "conclusively time-barred." *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014).

## III. ANALYSIS

**A. Seltzer's claims are untimely and must be dismissed.**

In the District of Columbia, defamation claims must be brought within one year of the date that the defamatory statements were published. D.C. Code § 12-301(4); *Mullin v. Wash. Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001). Seltzer alleges that she contacted FINRA to retract the defamatory statements on November 6, 2018, ECF 1 ¶ 15, and that FINRA "tagged" the award

to her name through Google searches as early as July 13, 2020,[3] *id.* ¶ 36. Seltzer's allegations about FINRA's conduct are hard to understand and seem implausible. But no matter how one interprets Seltzer's claim, it is clear from the face of the Complaint that the statute of limitations expired well before Seltzer filed this case in February 2022. [4]

Seltzer tries to avoid the statute of limitations problem by alleging that FINRA somehow linked the award to her on the web, or otherwise caused the award to appear in Google search results for her name and business, in 2021 and 2022, well after FINRA first posted the award. *See, e.g.*, ECF 1 ¶¶ 39–41 (alleging that FINRA engaged in "daily publication of . . . defamation" by linking Seltzer's name to the award in Google Search results). Seltzer contends that by manipulating Google search results to "tag" the award to online searches that include her name, FINRA republished the defamatory statements (or caused them to be republished) and thus restarted the statute of limitations clock. ECF 1 ¶ 42 (alleging that the appearance of the "the defamation" in Google search results is "a new document" and "resets the statute of limitations for defamation").

The Court disagrees. In the District of Columbia, the "single publication" rule governs the statute of limitations for defamatory statements. *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1087 (D.C. Cir. 2007) (citing *Mullin*, 785 A.2d at 298 n.2). Under this rule, the statute of limitations begins to run on the date the statement is published or is "first generally available to the public." *Id.* (quoting *Mullin*, 785 A.2d at 298 n.2). The statute of limitations does not restart simply because

---

[3] The Court does not mean to suggest that the 2020 "tagging" that Seltzer complains about is the publication date for the allegedly defamatory statements. But, taking Seltzer's Complaint at face value, the conduct that she is complaining about started in 2020.

[4] FINRA contends that the arbitration award was published online on September 6, 2018. ECF 11-1 at 15. Seltzer seems to acknowledge that FINRA first published the award around that time, ECF 14 at 12, 31, 41, but the Court relies on the dates identified in Seltzer's Complaint out of an abundance of caution.

"[c]opies of the original" are made, as such copies are "still part of the single publication." *Id*. However, the statute of limitations will restart if the statement is republished in a "a new publication" that is intended to "reach a new audience." *Id.* Although this rule is most easily applied to traditional media, courts resolving claims for web-based defamation have found that "a statement on a website is not republished unless the statement itself is substantively altered or added to, or the website is directed to a new audience." *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 879 (W.D. Va. 2016) (quoting *Yeager v. Bowlin*, 693 F.3d 1076, 1082 (9th Cir. 2012)).

The District of Columbia does not appear to have opined on republication in the internet era, but this Court is persuaded by the precedent of other courts. Certainly, the statute of limitations does not restart every time that Seltzer performs a Google search and can pull up the arbitration award or other information about her. The award is available on the same online portal and has not been republished. ECF 1 ¶¶ 36–38 (describing the award as being available through FINRA's Awards Online database). Even taking Seltzer's factual assertions as true, she seems to describe Google's search engine operating as it normally does. There is nothing surprising or nefarious about Seltzer's allegation that when she enters "FINRA Awards Seltzer" into the Google search engine, the arbitration award and other results relating to Seltzer appear. *See* ECF 1 ¶ 41. And if the Court has misunderstood Seltzer's allegations, FINRA has not republished the arbitration panel's conclusions to a "new audience" simply because a third-party search engine brings up a previously published award when a user searches related key terms.

In a second counterargument, Seltzer seems to suggest that she did not know that FINRA was allegedly responsible for the award appearing in Google searches until 2021. *See* ECF 14 at 6. This argument is undercut by the fact that her Complaint alleges that FINRA "tagged" the "defamatory award" to her name in a Google search, and she began complaining to it about its

"excessive publication" of the award,"[5] in 2020. *See* ECF 1 ¶¶ 36, 66. The Court therefore dismisses Seltzer's Complaint.

### B. FINRA is entitled to immunity.

Even if Seltzer had brought her case before the statute of limitations expired, the Court would still dismiss it because FINRA is protected by arbitral immunity.

"Judges, advocates, and witnesses" enjoy "absolute immunity" when acting in their official capacity "because of the special nature of their responsibilities" and because the "loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus" or other wrongs. *Butz v. Economou*, 438 U.S. 478, 511–12 (1978). Absolute immunity is thus "necessary to assure judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Id.* at 512. Courts in this District, in agreement with most circuit courts that have considered the issue, have extended this privilege to cover both individual arbitrators and arbitration forums because of their quasi-judicial nature. *See, e.g.*, *Young Habliston v. FINRA Regul., Inc.*, Civ. No. 15-2225 (ABJ), 2017 WL 396580, at *6 (D.D.C. Jan. 27, 2017) (collecting circuit cases).[6]

The Court is persuaded by this precedent and finds that FINRA is immune from suit. FINRA did not make the challenged statements; the statements represent the conclusions of the arbitrators who heard Seltzer's case. Arbitrators perform a quasi-judicial function in hearing evidence and resolving disputes and should be permitted to make their conclusions and findings

---

[5] The Court relies on the Complaint's allegations to resolve this case but observes that Seltzer submitted as an exhibit to her opposition to the motion to dismiss a February 2020 correspondence she received from FINRA's legal office concerning the matters at issue in this lawsuit. ECF 14-5.

[6] The District of Columbia has codified arbitral immunity and granted an arbitrator absolute immunity from liability "to the same extent as a judge of a court of the District of Columbia acting in a judicial capacity." D.C. Code § 16-4414.

without fear of being sued by dissatisfied litigants. Nor should liability be shifted to the forum that sponsored them. Seltzer attempts to package her claim otherwise, but at the end of the day she has sued FINRA because she is upset by the description of her conduct in the arbitration award. *See, e.g.*, ECF 1 ¶¶ 19, 25–26, 59. Seltzer cannot disguise her challenge to the arbitrators' language and reasoning as a case about FINRA's "marketing activities." Her case is dismissed.

### C. Leave to amend is denied.

After filing her Opposition to Defendant's Motion to Dismiss, Seltzer filed several motions seeking leave to amend or correct her Complaint. ECF 19; ECF 20; ECF 29. She filed each subsequent motion before the Court resolved the earlier one, so multiple requests to amend remain pending. The Court denies the first two of these motions, ECF 19 and 20, as moot because the Court assumes that Seltzer intends the latest filing, ECF 29, to be the operative complaint. The proposed Amended Complaint seeks to add a claim for "cyberbullying and online harassment," as well as claims under the Privacy Act, the Clayton Act, and the Americans with Disabilities Act (ADA). *See generally* ECF 29-1.

The Court has reviewed Seltzer's proposed Amended Complaint, ECF 29-2, and denies leave to amend. The Court recognizes that leave to amend a complaint should be "freely given," but finds it is not appropriate to grant leave here because the proposed amendments are futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendments cannot cure the Complaint in light of the Court's findings that Seltzer filed this case too late and, alternatively, that FINRA is immune from liability for her defamation claim.

While it is difficult for the Court to make out the bases of Seltzer's Privacy Act, Clayton Act, and "harassment" claims, they seem to stem from her complaint about the arbitration award that FINRA published online. This Court has found that she cannot sue FINRA for that. She also makes references to objections she has about the way the 2018 arbitration proceeding was

conducted, *see, e.g.*, ECF 29-2 ¶ 45, and a 2004 case to which FINRA was not a party, *see, e.g.*, *id.* at 4. These allegations do not form the bases of any viable claims that this Court can recognize. Overall, her Amended Complaint makes no allegations that, taken as true, would support a violation of antitrust laws (under the Clayton Act), establish a claim for other tort liability, or show that FINRA is subject to, or violated, the Privacy Act. And given the Court's conclusion that her initial Complaint should be dismissed, the proposed amendments, and the extensive briefing of the Parties, the Court does not believe that Seltzer will be able to cure these problems with additional amendments.

The ADA claim fares no better. The Amended Complaint alleges that FINRA failed to provide her a reasonable accommodation for her "hearing loss" during the 2018 arbitration, ECF 29-2 ¶¶ 86(g), 101. However, Seltzer does not provide any detail about the accommodation that she requested and was supposedly refused. More problematic, as FINRA points out, any claim under the ADA is also time barred. ECF 30 at 12. In this jurisdiction, the statute of limitations for a non-employment ADA claim is three years. *See, e.g.*, *Di Lella v. Univ. of D.C. David A. Clarke Sch. of L.*, 570 F. Supp. 2d 1, 7 n.9 (D.D.C. 2008). Seltzer alleges that FINRA refused to provide some reasonable accommodation in connection with the 2018 arbitration hearing, ECF 29-2 ¶ 101, but she did not file this case until 2022 (and her Amended Complaint was filed in 2023), *see* ECF 1; ECF 29. Accordingly, additional details cannot fix the problem with the suit.

### IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss, ECF 11. The Court also denies Seltzer's Motions to Amend her Complaint, ECF 19; ECF 20; ECF 29.

**SO ORDERED.**

DATE:

8

                                            _____
                                                        Jia M. Cobb
                                             U.S. District Court Judge