# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-7126**                                    **September Term, 2023**

**1:22-cv-00330-JMC**

**Filed On:** March 8, 2024

Susan Seltzer,

       Appellant

    v.

Financial Industry Regulatory Authority,

       Appellee

**BEFORE:**   Henderson, Millett, and Walker, Circuit Judges

### O R D E R

Upon consideration of the motions for judicial notice, the oppositions thereto, the replies, and the supplement to the second reply; the motion to remand case, the opposition thereto, and the reply; and the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion to remand case be denied. Appellant has not demonstrated entitlement to the relief requested. It is

**FURTHER ORDERED** that the first motion for judicial notice be dismissed as moot in part and denied in part, and that the second motion for judicial notice be denied. The first motion is dismissed as moot with respect to appellant's request for the court to take judicial notice of the date when her complaint was filed, because the correct filing date is already included in the district court's record. See Crumpacker v. Ciraolo-Klepper, 715 F. App'x 18, 19 (D.C. Cir. 2018). The motions are otherwise denied because appellant has not demonstrated that the other materials as to which she seeks judicial notice are relevant to the disposition of this case. See Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). As an initial matter, the district court had diversity jurisdiction over this case because the parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Steel Co. v. Citizens for a Better Env't,

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-7126**                                    **September Term, 2023**

523 U.S. 83, 93–100 (1998) (concluding that a court must resolve whether the district court had subject matter jurisdiction before deciding whether the district court properly dismissed a complaint for failure to state a claim).

Turning to the district court's dismissal of appellant's defamation complaint for failure to state a claim, the district court did not err by concluding that appellant's defamation claim was barred under the District of Columbia's one-year statute of limitations for such claims. See D.C. Code § 12–301(4); see also Chandler v. Berlin, 998 F.3d 965, 971 (D.C. Cir. 2021) (applying D.C. law where there was no dispute that D.C. law applied to tort claim in diversity case); Seed Co. Ltd. v. Westerman, 832 F.3d 325, 331 (D.C. Cir. 2016) (explaining that the court reviews "the application of the statute of limitations de novo"). Appellant does not dispute that any claim based on appellee's original publication of the allegedly defamatory material is time-barred. Further, appellant has not plausibly alleged that appellee subsequently caused the defamatory material to be republished to a new audience. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (concluding that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks omitted); Jankovic v. Int'l Crisis Grp., 494 F.3d 1080, 1087 (D.C. Cir. 2007); Mullin v. Wash. Free Wkly., Inc., 785 A.2d 296, 298–99 (D.C. 2001).

Lastly, any argument that the district court erred by denying leave to amend or correct the complaint has been forfeited by appellant because she failed to raise arguments about that portion of the district court's order in her opposition to appellee's motion for summary affirmance. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**