# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-7139**　　　　　　　　　　　　　**September Term, 2024**

**1:22-cv-00330-JMC**

**Filed On:** January 31, 2025

Susan Seltzer,

      Appellant

  v.

Financial Industry Regulatory Authority,

      Appellee

    **BEFORE:**　　Millett, Wilkins, and Rao, Circuit Judges

## O R D E R

    Upon consideration of the motion to correct the record, the opposition thereto, and the reply; the motion for summary affirmance, the second corrected opposition thereto, and the reply; and the motion to stay proceedings, the opposition thereto, and the reply, it is

    **ORDERED** that the motion to correct the record be denied. Appellant has not shown that the record on appeal does not accurately reflect the proceedings that occurred in the district court. See Fed. R. App. P. 10(e). It is

    **FURTHER ORDERED** that the motion to stay proceedings be denied. Appellant has not shown how the disposition of her motion for relief from judgment in Seltzer v. Gensler, No. 1:21-cv-2093 (D.D.C.), would affect the issues presented in this appeal or that it is in the interest of judicial economy to delay resolution of this appeal. It is

    **FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has not shown that the district court abused its discretion in denying her motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) or in denying her subsequent motion for reconsideration. See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006). This court previously affirmed the district court's conclusion that "appellant's defamation claim was barred under the District of Columbia's one-year statute of limitations for such claims." Seltzer v. FINRA, No. 23-7126, 2024 WL 1128099, at *1 (D.C. Cir. Mar. 8, 2024) (per curiam). The district court correctly concluded that the authority relied on in appellant's motion for relief from

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 24-7139**                                                       **September Term, 2024**

judgment does not change the controlling District of Columbia law with respect to the statute of limitations for defamation or otherwise entitle appellant to relief from the dismissal of her complaint for failure to state a claim.  To the extent that appellant argues that the statute of limitations was reset after the district court dismissed her complaint, that argument has no bearing on whether her complaint "plausibly alleged that appellee subsequently caused the defamatory material to be republished to a new audience."  Id.  Appellant's argument that she is entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) because of alleged misrepresentations by appellee is forfeited because appellant did not argue for relief on that basis in the district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017).

      The court cautions appellant that the court may, if appropriate, grant a motion for sanctions, or impose sanctions on its own motion, if appellant files in this court any frivolous filings or appeals in the future.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**