Case No. 22-cv-0330JMC

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**SUSAN SELTZER**
*Plaintiff*

Civil Action No. 1: 22-cv-0330 (JMC)

Honorable Judge Jia M. Cobb

v.

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**
*Defendant*

**MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**

   Plaintiff Susan Seltzer, proceeding pro se, respectfully moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). This motion is supported by newly arising administrative and factual inconsistencies that materially prejudice Plaintiff's rights and perpetuate reputational and privacy harm stemming from the Court's docket management errors and unfounded Minute Orders.

**I. Legal Standard**

   Rule 60(b)(6) provides relief from final judgment where extraordinary circumstances exist and where relief is not available under the more specific provisions of Rule 60(b)(1)–(5). See *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *Klapprott v. United States*, 335 U.S. 601, 613–14 (1949). Relief is appropriate where a litigant is unable to act due to circumstances outside their control, particularly when errors by the court or court staff undermine confidence in the fairness of the proceeding.

Where ongoing administrative failures by the court or government actors cause continuing harm and denial of protected rights, relief under Rule 60(b)(6) is appropriate to restore procedural

fairness and prevent injustice. See *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1120 (D.C. Cir. 2011); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988).  Although some aspects of this situation involve inadvertent publication or administrative oversight, Plaintiff respectfully submits that Rule 60(b)(1) is not an adequate remedy because (a) the harm is ongoing and cumulative, (b) much of the exposure originated more than one year ago, and (c) the breadth and seriousness of the prejudice, including reputational harm and improper sanctions threats, constitutes extraordinary circumstances warranting relief under Rule 60(b)(6).

## II. Procedural Background and Grounds for Relief

This motion is narrowly tailored to seek correction of the record and redress for harm caused by five material administrative errors by the Court, each compounding the exposure of Plaintiff's sealed address, due to previous material and exceptional PII exposures[1] in *Kosen* and depriving her of procedural due process. See *Exhibit C* (May 2, 2025, Administrative Letter to Clerk and Chief Judge).

## III. Specific Relief Requested

### 1. Correction of Court Record and Docket Clarifications

Minute Orders filed in three cases—*Seltzer v. FINRA* (1:22-cv-0330), *Seltzer v. Gensler* (1:21-cv-02093), and *Kosen v. American Express* (1:02-cv-00082)—state that "leave to file" was

---

[1] In 2004, Ameriprise (AEFA) filed more than ten pages of unredacted personally identifying information (PII) relating to Plaintiff, including her Social Security number, birth date, maiden name, height, weight, and eye color—data explicitly protected under the Privacy Act of 1974. Despite repeated requests to seal, commencing n 2020 upon discovery, this information, both the responsible data custodian (FINRA) and this Court failed to take timely action. Plaintiff, proceeding pro se, formally requested sealing to prevent reputational and cybersecurity harm, yet no remedial action was taken for over two years. This prolonged inaction and refusal to enforce privacy protections—despite multiple filings and actual harm—constitute the kind of extraordinary and inequitable circumstances that justify relief under Rule 60(b)(6).

denied. However, no such motions had been made in two of the three cases, and the orders do not cite any docket entry that was denied. These entries are:

- 03/18/2025 (*Kosen*): "Leave to File Denied," ECF 77.
- 03/18/2025 (*Gensler*): "Leave to File Denied," no citation to any related docket entry.
- 03/21/2025 (*FINRA*): Order striking Plaintiff's filing and threatening sanctions based on an erroneous claim that the appeal was pending.

Plaintiff respectfully requests that these entries be stricken, corrected, or supplemented with proper citations and legal reasoning.

Plaintiff respectfully requests the Court provide the evidence that Plaintiff was responsible for the unsealing of her PII on three Court dockets by actions in PACER, when PACER confirms that is not possible. See Exhibit C and D.

## 2. Rescind March 21, 2025, Sanctions Threat

The threat of sanctions (*FINRA*, ECF 51) was filed after Plaintiff had properly withdrawn her appeal (March 16, 2025). That threat was then transmitted to the D.C. Circuit. The factual premise of this Minute Order is incorrect. A pro se litigant who moves to reseal protected data is not engaging in sanctionable conduct. Plaintiff respectfully requests that this threat be stricken or formally withdrawn.

## 3. Re-Sealing of Address in Kosen Dockets 60, 61, and 63

Plaintiff's permanent address was filed by the Court in *Kosen et al.*, and despite sealed status in *FINRA* and *Lieder* cases, the Court has provided no rationale why it should not be sealed. Despite two formal requests for sealing, no order has been issued denying those motions. If the request to seal is denied, the Court must explain its legal rationale. See LCvR 5.4(f); *In re Leopold*, 964 F.3d 1121 (D.C. Cir. 2020).

**4. Certification and Restoration of ECF Notification**

The disabling of Plaintiff's ECF notifications in March 2025 has deprived her of timely service. Plaintiff respectfully requests that the Court:

- Certify the date and basis of the ECF notification change;
- Restore CM/ECF notifications to Plaintiff's registered email;
- Confirm whether any case administrator or clerk removed or altered ECF settings without notice.

**5. Authorization to Subpoena PACER and RECAP Logs**

Plaintiff requests limited authorization to subpoena metadata logs from PACER and RECAP to determine the extent of public exposure caused by Court docket entries that unsealed Plaintiff's PII or permitted Privacy Act PII to remain unsealed. This request is grounded in correspondence with PACER and Clerk's Office staff from 2020 and 2025 (see *Exhibits A–B*). RECAP's data is PACER data.

**IV. Justification for Relief**

Relief is warranted where a party's rights are impaired through no fault of their own. The Court has acknowledged that Plaintiff's address "shall remain sealed," yet has repeatedly filed ambiguous orders suggesting otherwise. Plaintiff should not be blamed for administrative oversights committed by the Court or CM/ECF system.

The March 21, 2025, Minute Order and others following it improperly attribute actions to Plaintiff without evidence and reflect a broader breakdown in docket accuracy and procedural fairness. The March 18, 2025, Minute Orders have no relationship to docket entries preceding them. These issues have cascading effects in related litigation and reputational standing.

Plaintiff's efforts to correct the record, reseal her PII, and understand what occurred are not abusive or frivolous—they are consistent with the standards of due process and transparency this Court is obligated to uphold.

**V. Relief Requested**

Plaintiff respectfully requests that this Court:

1. GRANT this Motion under Rule 60(b)(6);

2. RESCIND the March 21, 2025, sanctions threat (FINRA, ECF 51) and notify the DC Circuit court it was rescinded.

3. STRIKE or clarify Minute Orders dated March 18 and 21, 2025, April 1, 2025, and May 9, 2025 in all cases, that incorrectly state Plaintiff's filings or misstate the record;

4. ORDER the sealing of Dockets 60, 61, and 63 in *Kosen et al.*, or provide a written denial and legal rationale;

5. CERTIFY and restore Plaintiff's ECF notification status;

6. AUTHORIZE issuance of limited subpoenas to PACER and RECAP to determine scope of harm and circulation of PII.

A proposed order is attached.

Respectfully submitted,                                                      DATED: May 12, 2025


/s/ *Susan Seltzer*
_____
Susan Seltzer
Pro Se Litigant
Email: seltzers1971@gmail.com

ATTACHMENTS

Exhibit A: Email with Deputy Clerk Simone Bledsoe,
Exhibit B: PACER correspondence confirming only the Court can unseal,

Exhibit C: May 2 Administrative Letter for Review of Irregularities
Exhibit D: Timeline of Docket Errors and Harm.
Exhibit E – History of Derivation of Unsealed PII

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the Clerk of Court of the United States District Court of the District of Columbia using the CM/ECF system on May 12, 2025, which will send electronic notification of such filing to the following registered filers.

Respectfully submitted,                                  DATED:  May 12, 2025

/s/ _Susan Seltzer_____
Susan Seltzer
Pro Se Plaintiff
Seltzers1971@gmail.com


**SERVICE LIST**

Karin H. Warin, Esq
Ryan M. Duffy
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1500 K. Street, N.W., Suite 330
Washington, DC 20005
Attorneys for Defendant

Financial Industry Regulatory Authority, Inc.
Angela Pegram Saffoe
Financial Industry Regulatory Authority, Inc.
1735 K. Street N.W.
Washington D.C. 20006
Counsel for Defendant, Financial Industry Regulatory Authority